### J. H. AIKEN ET AL. v. WACO STATE BANK.
#### (No. 7027.)

APPEAL from McLennan County. Opinion by HURT, J.

A. M. MONTEITH, counsel for appellant.

No counsel appeared for appellee.

§ **254.** *Usury; plea setting up, held insufficient; case stated.* Huling P. Robertson loaned one Russell $500, taking his note with appellants as sureties. This note was due November 6, 1885, and bore twelve per cent. interest on its face. Russell sold to appellants his homestead, they agreeing to assume the debt due to Robertson. On January 6, 1887, appellants executed their note to Robertson for $616.66, bearing twelve per cent. upon its face, and maturing one year after date. When this note fell due, appellants desired an extension of time, and on January 6, 1888, made another note to Robertson for $630 due in one year, and upon its face bearing interest at the rate of twelve per cent. At the same time they executed to Robertson a note for $110, with the same rate of interest expressed on its face. The appellee bank sued appellants and an indorser upon the note for $630. Appellants pleaded usury, and alleged that by verbal agreement with Robertson all the notes should, in addition to the twelve per cent. expressed, bear eight per cent., making the agreed interest twenty per cent. The bank obtained the note after maturity without knowledge of the usury agreement. The court below sustained exceptions to the plea of usury.

If any of the eight per cent. went into or constituted a part of the note sued upon, then there was error in sustaining the exceptions to the plea. If all of the eight per cent. went into the $110 note, then there was no error. The plea must certainly show that the $630 note — the one sued on — contained a part of the usurious interest arising from the eight per cent. agreed upon in addition to the lawful interest expressed in the contracts. Does it do this? We think not. By calculating the interest on the $500 at twelve per cent. through the various renewals of the note, we find that at that rate the amount of the note sued on is not greater than it should be. The plea gives the dates of the different notes. No doubt usury entered into the note of $616.66, but when the note sued on was executed the usury was eliminated, and it was left untainted with illegality. When the other one for $110 is sought to be collected usury can be pleaded, and by showing the whole transaction the plea may be easily sustained. There was no error in sustaining the exceptions to the plea. The general denial was not stricken out. The plea of privilege was properly overruled, appellants having agreed to continue before presenting the plea, and thus waiving it.

May 20, 1891.                                    Affirmed.